## Ruiz *v.* Del Valle, Alcalde de San Juan.

Apelación procedente de la Corte de Distrito de San Juan.

No. 643.—Resuelto en mayo 31, 1911.

Remoción de Empleados Municipales—Facultades del Funcionario que los Nombra.—En términos generales y a falta de ley que lo prohiba, el funcionario que tiene la facultad de nombrar empleados tiene también la facultad inherente de destituirlos.

Id.—Interpretación del Artículo 32 de la Ley Municipal.—El ''disponiéndose'' del artículo 32 de la ley municipal de marzo 8, 1906, tal como quedó enmendado en marzo 10, 1910, no contiene un precepto de carácter general sino una excepción a la regla general, o sea, que salvo los casos expresamente estatuídos en dicho ''disponiéndose,'' no es necesario para destituir a un empleado municipal, formularle cargos y notificarselos y oirlo en su defensa.

Id.—Justa Causa—Notificación y Audiencia.—Aunque en algunos casos la regla es que cuando la ley exige que haya justa causa para destituir un empleado, es necesario que se le notifique y se le oiga, este no es un precepto general, y en el caso de autos se hace innecesario resolver esta cuestión, porque al peticionario se le notificaron los cargos y se le oyó en su defensa.

Id.—Puestos Públicos—Derecho de Propiedad.—El derecho que tiene un funcionario público a desempeñar su cargo, no es un derecho de propiedad, sino que por el contrario está subordinado a los beneficios del servicio público.

Id.—Discreción del Alcalde—Falta de Causa Justa.—Aún en casos en que fuere dudosa la suficiencia de la causa de la destitución de un empleado, los tribunales no intervendrán en el ejercicio de la facultad discrecional que tiene el alcalde para destituir empleados, a menos que se demuestre que la destitución ha sido injusta como, por ejemplo, por causas políticas o religiosas.

ID.—NOTIFICACIÓN Y AUDIENCIA DEL DESTITUÍDO—PRUEBAS.—En el caso de autos el tribunal apreciando la prueba aportada al juicio estimó que el peticionario fué notificado con bastante anticipación de los cargos que se le formularon y fué oído en su defensa.

ID.—ADMISIÓN DE PRUEBAS—CARTA DEL EMPLEADO.—Es admisible como prueba en un caso de esta naturaleza una carta dirigida por el empleado destituído al abogado de la ciudad, para probar que dicho empleado había sido notificado y tenía conocimiento de los cargos formulados contra él.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. H. Brown.*

Abogado del apelado: *Sr. Ramón Falcón.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El peticionario era inspector municipal de servicios eléctricos en San Juan, para cuyo cargo fué nombrado por el Alcalde de San Juan. Tomó posesión de su cargo el día 1 de julio de 1908, el que siguió desempeñando hasta el día 15 de julio de 1910, fecha en que fué privado del mismo por el Alcalde de San Juan. El objeto de esta solicitud era el que se repusiera al peticionario en su destino. Alegó el peticionario que ni en la carta de julio 15 destituyéndole, ni en la del 11 del propio julio, en la que se le pedía la renuncia, se exponían las causas de la separación; que el peticionario no fué notificado de ninguna queja o cargos contra él, ni sabe si se han presentado cargos contra él y en qué consistían, ni se le dió oportunidad para defenderse de ellos; que tal destitución fué ilegal por no haberse verificado de acuerdo con la ley, siendo por tanto ineficaz y sin valor de ninguna especie; que el demandado, Francisco del Valle, dicho alcalde, aunque fué requerido para que repusiera al peticionario en su destino, se ha negado a hacerlo.

El demandado negó en su contestación el hecho de que no fuera notificado de los cargos el peticionario, o de que no le hubiera sido dada una oportunidad para defenderse, expresando categóricamente que desde hacía más de seis meses con anterioridad a la fecha de la contestación, había sido notificado el peticionario de que los Sres. Cartagena y Giménez se quejaban de que el peticionario les hacía competencia en la

venta de artículos del ramo, y en su cargo de inspector resultaba que continuamente tenía ocasión para aceptar o rechazar los materiales de la referida firma; que cuando se le habló de esta queja al peticionario ofreció deshacerse del establecimiento, para lo cual solicitó y obtuvo prórrogas, y últimamente presentó una opinión de Attorney General de Puerto Rico, que expresaba que el peticionario tenía derecho a ejercer su profesión fuera de las horas de oficina; que todo esto sucedió sin carácter oficial, pero que más tarde la referida firma Cartagena y Giménez acudió con una queja al Attorney General, quien remitió una comunicación al Alcalde expresando en ella substancialmente, que en su opinión el negocio de vender materiales eléctricos era incompatible con el debido ejercicio de los deberes del cargo de inspector municipal, por lo que el alcalde pasó el asunto a la consideración del abogado de la ciudad, quien a su vez envió una comunicación al peticionario refiriéndole los hechos y la incompatibilidad del caso, suplicándole al peticionario le suministrara los informes que creyera conveniente; a cuya comunicación contestó el peticionario admitiendo ser cierto que tenía un establecimiento en donde se vendían materiales de electricidad, pero expresando substancialmente que tal cosa no era óbice para el cumplimiento de sus obligaciones, ni podría ejercer presión en los empleados en la compra de materiales, haciendo también mención de la opinión del Attorney General a que nos hemos referido, de que no existía incompatibilidad.

Durante el juicio se presentó prueba tendente a mostrar todos los hechos expresados en la contestación. No solamente se notificó al peticionario en los primeros días del mes de julio por el abogado de la ciudad, acerca de la naturaleza de los cargos formulados contra él, sino que fué notificado extraoficialmente desde hacía seis meses. Resulta claro de la prueba que el peticionario sabía desde hacía mucho tiempo que el alcalde no estaba satisfecho con tal estado de cosas; que el peticionario trató de vender su establecimiento, lo que no pudo

hacer por no habersele hecho una buena oferta. La alegación que se hace en este caso es que el peticionario no fué oportunamente notificado ni oído en debida forma, ni le fué concedido tiempo para preparar su defensa.

A falta de un estatuto que lo prohiba, la facultad para destituir a un empleado es inherente a la de nombrarlo. (*Ex parte* Hennen, 13 Pet., 230; *Trainor v. Board of County Auditors,* etc., 15 L. R. A., 95, y casos citados en la nota.) Sin embargo, tenemos un estatuto que dispone lo siguiente:

"Sección 32.—El alcalde nombrará todos los empleados del municipio cuyos nombramientos no se proveyeren de otro modo en esta ley, y que estuvieren autorizados por las asignaciones del presupuesto y deberá ver que cumplan debidamente con sus obligaciones. El alcalde podrá, por justa causa, destituir a todos los funcionarios y empleados nombrados por él solamente, o nombrados por él con la anuencia y consentimiento del concejo municipal; *Disponiéndose, sin embargo,* que el contador municipal o el secretario municipal en funciones de contador no podrá ser destituído sin el consentimiento del concejo municipal después de haber el alcalde formulado cargos por escrito y presentádolos al concejo, y después de haberse dado al contador un período de dos días para presentar al concejo una contestación a dichos cargos por escrito."

Leyes de 1910, pág. 118.

Pero se dice que de ese precepto legal puede inferirse que los cargos tendrían que formularse y darse una oportunidad para contestarlos en todos los casos, siendo un requisito de carácter general la notificación y audiencia que en el mismo se determinan, exceptuando el caso en que tales cargos se formulen contra el contador o secretario, en que se presentarán al concejo. Nos inclinamos a opinar con la corte inferior que el proviso, si algo significa, sería la excepción y no la regla con respecto a la notificación y al derecho a ser oído. Sin embargo, en varios casos, la regla es que en los casos en que el estatuto dispone que una persona puede ser destituída por justa causa, es necesaria la notificación a la persona y que sea oída, si bien esta regla no es universal. (15 L. R. A. pág.

98.)   No se hace necesario que resolvamos la cuestión de modo preciso en este caso, pues entendemos que los requisitos referentes a notificación y audiencia del peticionario se cumplieron en debida forma.

Prácticamente se ha admitido que existió causa para la destitución, y opinamos que hubo tal causa.   Debemos insistir en expresar que el servicio público no es un derecho de propiedad, y debe ser considerado en primer término.   No debe permitirse que el mismo sea objeto de sospechas como sucede cuando una persona tiene un negocio particular y trataran sus empleados de ayudarle en dicho negocio para grangearse favores de su superior.

Aun cuando tuviéramos alguna duda con respecto a la suficiencia de la causa de la destitución del peticionario, no intervendríamos en la discreción del alcalde en un caso como el presente.   Para que esté justificada la intervención de las cortes, dejando a un lado la cuestión referente a notificación y audiencia, el solicitante debe mostrar de modo claro que fué destituído injustamente por ejemplo, como ha expresado la corte inferior, por causas políticas o de religión.

Si toda la prueba fué admitida debidamente, es un hecho que está fuera de dudas que el peticionario fué notificado debidamente, y tuvo la oportunidad a que tenía derecho para defenderse.   Hacía seis meses que el **Sr. Rivero, amigo** y como delegado del Sr. Alcalde había tenido una conversación con el peticionario.   El abogado de la ciudad le informó del asunto en los primeros días del mes de julio.   El peticionario prometió dejar su negocio particular.   Se le dió oportunidad para presentar su defensa al representante legal del alcalde, limitando la misma a la opinión del Attorney General, que, según consta, nunca tuvo conocimiento de todos los hechos. Sin embargo, fué la opinión del alcalde y sus consejeros relativa a tal incompatibilidad, la que debió haber tenido importancia para el peticionario.   El tenía conocimiento de los cargos que contra él se formularon, y no presentó, sin embargo, su defensa en debida forma.   Quizas el documento que el pe-

ticionario recibió del alcalde no fué uno técnico. Tampoco se celebró una vista en debida forma en la que estuvieran presentes el alcalde y el peticionario. Sin embargo, los principios fundamentales relativos a notificación y descargo fueron observados, y no era necesaria la celebración de un juicio. El estatuto determina que el alcalde puede destituir por justa causa. Por distintos conductos tuvo conocimiento el peticionario de esa causa, y por iguales u otros medios conoció el alcalde su defensa. No tenía derecho el peticionario a alegar en su demanda que hubiera sido destituído sin ser notificado y oído. No fué cierto lo que expresó en el quinto párrafo de su solicitud, o sea, que no tuvo conocimiento de que se hubieran presentado cargos contra él.

Se formularon algunas excepciones a la admisión de la prueba durante el juicio. El peticionario se opuso en primer término, a que se admitiera como prueba la carta que él mismo dirigiera al abogado de la ciudad. La carta era admisible para probar la notificación, y fué admitida en repreguntas, porque del examen directo resultó que el peticionario negó haber tenido conocimiento de los cargos. El orden de la prueba es una cuestión que está dentro de la sana discreción de la corte inferior.

La segunda excepción se refería a una conversación que tuvo con el Sr. Rivero, quien primeramente actuó como delegado del alcalde. El segundo fundamento de la objeción no se especificó. Con la prueba se trataba de mostrar la notificación.

La tercera excepción hacía referencia a la misma conversación y era igual a la segunda, expresando, sin embargo, un fundamento adicional de defensa, o sea lo remoto de la entrevista que tuvo lugar seis u ocho meses antes. La entrevista revelaba que la causa para la destitución había existido desde mucho tiempo antes de que el peticionario tuviera conocimiento de ella.

La cuarta excepción se refería a una objeción formulada a la admisión de una carta que el Señor Rivero remitió al

alcalde referente a la entrevista que tuvo con el peticionario. El testigo admitió que la carta era en substancia una relación fiel de la entrevista. La carta era evidencia primaria del conocimiento que tuvo el alcalde, la que formaba parte del caso del apelado, con el objeto de mostrar la consideración que dió a los cargos formulados contra el peticionario. La prueba, sin embargo, fué acumulativa y la admisión de la misma no perjudicó al peticionario.

La quinta excepción se refiere en parte al orden de la prueba acerca del cual hemos comentado. La cuestión se refería a cuál era el negocio del demandante, y fué absolutamente pertinente al caso.

La sexta excepción hacía relación a la carta de Rivero a del Valle, sobre la cual hemos comentado. Casi todo lo que fué materia de excepción quedó probado por prueba independiente. El juicio se celebró ante un juez que generalmente se presume que sabe distinguir lo que es pertinente, de lo que no lo es. (*Belber* v. *Calvo,* sentencia de mayo 19, 1910; *El Pueblo de Puerto Rico* v. *Silva,* sentencia de mayo 18 de 1911.) Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.